FILED
SUPERIOR COURT
OF GUAM

2024 OCT 16 PM 4: 18

CLERK OF COURT

BY:_____ JK_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CRYSTAL ROSE CRUZ,<br><br>     Plaintiff,<br><br>  vs.<br><br>RONNIE JAMES CRUZ, JR.,<br>     Defendant. | DOMESTIC CASE NO. DM0017-19<br><br><br>**DECISION AND ORDER**<br>*Re: Motion to Modify Child Support* |

This matter came before the Honorable Arthur R. Barcinas on July 23, 2024, for a hearing upon the Defendant's Motion to Modify Child Custody and Support ("Motion") filed May 15, 2024. Plaintiff Crystal Rose Cruz ("Plaintiff") was present with counsel, Attorney Vanessa L. Williams. Defendant Ronnie James Cruz, Jr. ("Defendant") was also present with counsel, Attorney Anthony C. Perez. Having reviewed the pleadings and arguments in this matter, the Court issues the following Decision and Order.

### INTRODUCTION

The parties were divorced in 2019. As part of the divorce order, child support was originally set at $250 per month, based on Plaintiff having primary custody of the minor child. On May 14, 2024, the parties stipulated to a change in the custody arrangement, granting Defendant primary custody for thirty (30) days, followed by joint and equal custody. Based on this change in the custody arrangement, Defendant now argues that the child support amount should be modified accordingly. Defendant requests in the Motion that the child support order

be modified to reflect his sole custody for May and June 2024, and then adjusted to reflect joint custody afterward. Defendant also requests an exchange of income information between the parties.

## BACKGROUND

In this matter the parties have one (1) minor child together. Pursuant to the parties' Interlocutory and Final Judgment of Divorce filed on January 28, 2019, the Court ordered that Plaintiff would have primary physical custody of the minor child, and that Defendant would pay $250.00 per month until the minor child reached eighteen (18) years of age. *See* Interlocutory Judgment of Divorce § 6(b), (k). The Court also ordered that Defendant would continue to maintain medical and dental insurance for the minor child. *Id.* § 6(l).

On May 14, 2024, the Court was presented with and executed a stipulation to modify the custody arrangement, drafted by Defendant's counsel and signed by both parties and their counsels. The stipulation modified the custodial arrangements of the parties. Defendant would have primary physical custody of the minor child for thirty (30) days, beginning May 15, 2024, after which the parties would share joint and equal physical custody of the minor child. The stipulation also stated, *inter alia*, that "[b]oth parties acknowledge and agree that no child support arrears exist or are due from either party."

On May 15, 2024, Defendant filed the instant Motion, arguing that the change in custody constitutes a substantial and material change in the custody of the minor child, and that modification of the child support would therefore be appropriate. Defendant further requested that child support be modified to reflect his sole custody of the minor child for the thirty-day period from May to June, and the joint and equal custody thereafter.

On June 12, 2024, Plaintiff filed the Response to Defendant's Motion to Modify Child Support, arguing that Defendant failed to pay the child support ordered by the Divorce Judgment from February 2019 to May 2024, and now owes $15,750.00 in child support. Plaintiff further asserted that Defendant also failed to provide the minor child with medical or dental insurance pursuant to the Divorce Judgment, forcing Plaintiff to pay over $9,052.57 to provide health and dental insurance for the child. Plaintiff argues that the May 2024 stipulation does not constitute a waiver of child support, and that parents generally cannot waive child support arrears by agreement. Finally, Plaintiff does agree that child support should be modified based on the parties' joint physical custody for June 2024 going forward, but does not agree that the new child support modification should take into account the thirty days between May and June.

On June 20, 2024, Defendant filed a Reply, arguing that the Motion should be granted because it is unopposed, and that Plaintiff should be estopped from arguing that child support arrears exist after stipulating that they do not. Defendant further argues that even if Plaintiff were not estopped, the parties have shared joint physical custody since 2019 despite the Divorce Judgment, Defendant has had primary physical custody from 2019 to 2021, and the parties now continue to share joint physical custody. Finally, Defendant argues that the issue of health insurance reimbursement is not properly before the Court, and even if it were, the Divorce Judgment did not dictate that Defendant must reimburse Plaintiff for the health insurance premiums she paid.

At the hearing, Plaintiff argued that Defendant was still in arrears because he was obligated to pay the disputed amount pursuant to the Divorce Judgment.

On July 23, 2024, the Court took the matter under advisement.

## DISCUSSION

Under Guam law, the Court has authority to modify any "order, award, stipulation, or agreement as to child support (whether or not merged or integrated into a decree of divorce or separation) upon a showing of substantial and material change of circumstances." 5 GCA § 34121. The provisions of any order regarding maintenance or support may generally be modified only as to installments accruing subsequent to the motion for modification, and only upon a showing of a substantial and material change of circumstances. *Id.* However, once every three (3) years, either parent of a child entitled to child support may petition the Superior Court of Guam, Judicial Hearings Division or the Child Support Enforcement Division for review and adjustment of the child support order without having to show a change of circumstances. 5 GCA § 34118(f). For the purposes of child support, "substantial and material change in circumstances" is defined as an increase or decrease in either parent's salary which results in an increase or decrease between the old child support amount and the new child support amount by at least ten percent (10%) for a period of six (6) months. *Id.*

Regarding remedies, the provisions of Guam Code Annotated ("GCA") Title 5, Chapter 34, governing child support, are applicable to "all actions of child support ... [or] ... separate maintenance unless specifically excluded or specifically made available only to the Department of Public Health and Social Services [("DPHSS")]." *Id.* § 34151. However, by statute, all remedies contained in GCA Title 5, Chapter 34, specifically available to DPHSS will also be available to persons represented by the Public Defender Service Corporation, Guam Legal Services Corporation, or privately retained attorneys, at the discretion of the Court. *Id.* § 34150. Furthermore, "whenever the Superior Court issues or modifies an order of support in such a case, the order shall include a provision that wage withholding is available as a remedy upon

motion of the custodial parent if the absent parent is in arrears. The [Court] may grant such a motion, in its discretion, if the defendant is in arrears in an amount equal to or greater than one month's support." *Id.*

5 GCA § 34105 states that, "the Department [of Law] acting in the best interests of the children and the Island of Guam, may bring an action in its own name or join in an action already in existence against the person or persons responsible for the support of such children," to, *inter alia*, recover back support and any other amounts that may be due and owing under an existing court order, whether owed to the Department or to the custodial parent or other person having custody of the minor child. *Id.* § 34105(a)(1).

### a. Modification of Child Support

In the instant Motion, Defendant argues that the change in custody constitutes a "substantial and material" change sufficient to modify child support, and requests that child support be modified to first reflect a sole custody arrangement for Defendant for the months of May and June 2024, and a joint and equal custody arrangement thereafter. Plaintiff agrees that child support should be modified based on the parties' new joint physical custody arrangement, but argues that because Defendant's motion to modify was not filed until May 15, 2024, child support of $200.00 for the month was already due and owing for May 2024 at the time of filing. Plaintiff asserts that, for June 2024, Defendant does not have sole custody of the minor child, but is sharing week-on/week-off joint physical custody, and that the Court should modify child support beginning the month of June 2024 according to the child support guidelines and reflecting the parties' joint physical custody arrangement. Plaintiff requests that the parties exchange financial information so that they may prepare the worksheets to calculate the new support amount. In his reply, Defendant argues that it was agreed in the stipulation that

Defendant would have primary physical custody of the minor child for a thirty (30) day period, beginning May 15, 2024, which Defendant asserts would necessitate a child support worksheet based on a sole custody arrangement, rather than a joint custody arrangement. As to the modification itself, Defendant asserts that because Plaintiff does not object to the modification of child support, the motion is resolved subject to a determination of whether a sole or joint custody worksheet is appropriate for May and June 2024.

Defendant brings the instant motion under 5 GCA § 34118(f), claiming a change in circumstances. The Court defines a "substantial and material change in circumstances" as described under that statute, *i.e.* "an increase or decrease in either parent's salary which results in an increase or decrease between the old child support amount and the new child support amount by at least ten percent (10%) for a period of six (6) months." *Id.* § 34118(f). Accordingly, the Court does not find that Defendant has met the standard for a change in circumstances as he claims. However, because a motion to modify child support may be brought under § 34118(f) once every three (3) years without a change in circumstances, and because the parties have stipulated to a modification of the child support arrangement, the Court will grant the Motion to Modify Child Support.

As to whether a sole or joint custody worksheet is appropriate for the period from May to June 2024, 19 Guam Administrative Rules and Regulations ("GARR") § 1204(1) establishes what constitutes shared physical custody under Child Support Guidelines. Per 19 GARR § 1204(1), "[a] parent has shared physical custody (or shared custody) of children for purposes of this guidelines if the children reside with that parent for a period specified in writing in the custody order of at least 40 percent, but no more than 60 percent, of the year, regardless of the status of legal custody." Regardless of whether Defendant had primary physical custody of the

minor child for the thirty-day period, the Court finds that the metric which determines whether a sole or joint custody worksheet should be used is what portion of the time Defendant had the minor child during an entire year. Defendant has not properly established that he had physical custody of the minor child for a period of time greater than 60 percent over the course of the year, and thus, the Court does not find that a sole custody worksheet is appropriate.

Accordingly, the Court **GRANTS** the Motion to Modify Child Support, **ORDERS** the parties submit proposed joint custody worksheets to the Court, and refers the determination of child support to the child support Referee for further hearings and findings based upon the worksheets.

### b. Child Support Arrears

Regarding arrears, Plaintiff argues in her opposition that Defendant was delinquent in meeting his obligation under the Divorce Judgment to pay $250.00 per month in child support, and to maintain the minor child's medical and dental insurance. Plaintiff asserts that Defendant never made any payments, and that the accrued amount due for child support from February 2019 to May 2024 is $15,750.00.

Defendant argues that Plaintiff is judicially estopped from arguing for child support arrears because she and her counsel both signed the stipulation, which states that no child support arrears exist. Plaintiff argues that it would not be fair, equitable, or in the minor child's best interests to find a waiver of arrears, and that any agreements waiving child support arrears are void as against public policy.

The U.S. Supreme Court has found that the circumstances under which judicial estoppel may be appropriately invoked are not necessarily reducible to any general formulation of principle, but that several factors typically inform the decision of whether to apply the judicial

estoppel doctrine. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). First, a party's later position must be clearly inconsistent with its earlier position. *Id.* Second, courts "regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Id.* "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* However, these factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," but "tip the balance of equities in favor" of doing so. *Id.*

The Court finds that Plaintiff has, by signature of herself and her counsel, stipulated to Defendant's position that there are no longer any arrears. The Court further finds the stipulated order, and Plaintiff's signature thereof, to be clear and compelling evidence that Plaintiff voluntarily and intentionally abandoned said right, if any, to any child support arrears that may have existed prior to the signing of the stipulation by the Court. Plaintiff is now claiming, contrary to her previous position, that she is entitled to said arrearages. Because the position was part of a stipulated order, which the Court accepted and subsequently executed, the Court finds that Plaintiff succeeded in persuading the court to accept Plaintiff's original position. The Court does not find that Plaintiff gained any unfair advantage from her change in position, or that the detriment imposed on Defendant would necessarily be unfair, as the arrearages that Plaintiff now seeks were already owed to her pursuant to the Divorce Judgment. However, the Court does not find the lack of an advantage or detriment crucial to the judicial estoppel analysis, as the Supreme Court has found that the ultimate purpose of the doctrine is "to protect the integrity

of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-750. Thus, the Court's primary concern is that Plaintiff, in stipulating to the waiver, persuaded the Court to accept that position; in now asking the Court to disregard that waiver, Plaintiff is essentially stating that it either misled the Court in the stipulation, or is misleading the Court now. Having already executed the stipulated order based on the parties' stated positions, the Court will not now reverse that order based on Plaintiff's new position.

The Court further finds that the stipulation is not void as against public policy because the waiver has been stipulated to by both parties and their counsels, and subsequently executed by the Court. The Court finds that, even if judicial estoppel is not applicable in this instance, waiver by the parties remains a valid defense to an action for child support arrearages for the following reasons. In *Wilson v. Wilson*, the Guam Supreme Court held that it finds the reasoning in California cases to be persuasive regarding Guam's child support statutes, "including those on retroactive modification of a support order." *Wilson*, 2023 Guam 17 ¶ 14. The California Supreme Court, *en banc*, has held that "both waiver and estoppel were valid defenses" to an action for child support arrearages. *In re Marriage of Damico*, 872 P.2d 126, 130 (Cal. 1994). "[T]he principal concern in litigating the right to current and future child support is the welfare of the child. However, when past unpaid support is the issue, the welfare of the child may not be involved. For example, in this case reimbursement to the mother will have no tangible effect on [the older child]." *Id.* (brackets original).

Other courts have similarly found that "a party may waive his or her current right to child support through the 'intentional relinquishment of a known right'" and that, upon the issuance of a stipulated order to waive arrearages, even a later "award of child support does not

negate the parties' agreement to waive arrearages." *Lublin v. Lawson*, 129 Nev. 1134 (March 18, 2013). "In certain fact situations...a custodial parent can waive the collection of child support arrearages" if the facts "demonstrate by clear and compelling evidence the voluntary and intentional abandonment of a known right." *Ray v. Mangum*, 788 P.2d 62, 65 (Ariz. 1989). "As a general rule, as long as public assistance is not involved, the parties to a child support order may agree to compromise child support arrearages...However, such agreements are enforceable only to the extent the proper party agrees to waive the arrearages." *Sweeney v. Sweeney*, 63 N.E.3d 542, 552 (Ohio Ct. App. 2016). "[A]ny agreement that purports to waive unpaid child support or the custodial parent's right to enforce the support order *without proper approval from a court of competent jurisdiction* is void *ab initio*." *Kimble v. Ellis*, 101 P.3d 950, 954 (Wyo. 2004) (emphasis added). "The family court cannot after the fact do anything about the child's past welfare," and "the designated payee of past-due court-ordered child support is a decree creditor and, like a judgment creditor, can do whatever he or she wants with the decree receivable subject, however, to the family court's superior interest in the child's present and future welfare." *Lindsey v. Lindsey*, 716 P.2d 496, 500 (Haw. App. 1986). "The decree creditor may waive, give, release, compromise, sell, enforce, or do nothing with his or her decree receivable." *Id.*

Plaintiff argues that Defendant cannot claim that the stipulation constituted a waiver of child support because, under *Guerrero v. Moylan*, parents "generally cannot waive child support arrears by agreement, as child support is considered a right of the child, not the parents." Opp., at 3 (citing *Moylan*, 2002 Guam 18 ¶ 24). However, the *Moylan* decision does not refer to arrears at all, but the overall right of a child to support. "[P]arents cannot by agreement limit or divest a court of its discretion in setting child support." *Moylan*, 2002 Guam 18 ¶ 24. "A child's

right to support from his or her parents is a right belonging to the child, and cannot be contracted away by his or her parents." *Id.* "An agreement purporting to limit the court's ability to achieve that goal [of protecting the welfare of children] is void as against public policy." *Id.* The stipulation in this case does not divest or limit the Court's ability to set child support in any way, nor does it deprive the minor child of their right to child support. The stipulation merely waives a debt owed from Defendant to Plaintiff, and does not detrimentally affect the minor child's support prospectively. Thus, the Court does not find that Plaintiff's argument predicated on *Moylan* supports a finding against waiver of arrearages.

The Court is also aware of the Supreme Court's holding in *Wilson*, 2023 Guam 17, affirming the Office of the Attorney General's ("OAG") ability to bring an action to enforce payment of back support pursuant to 5 GCA § 34105(a)(1) and (8). However, the Attorney General has not entered an appearance to recover back support in this case, nor has Plaintiff sought the aid of the Attorney General or filed a motion seeking arrears pursuant to 5 GCA § 34150. Instead, Plaintiff stipulated to waive said arrears, and only argues the issue for the first time in opposition to the instant motion. Further, the Court does not find that Defendant's failure to pay arrears was detrimental to the best interests of the child, as Plaintiff does not establish that the minor child's welfare was negatively affected by Defendant's failure to pay back support. Rather, because Plaintiff paid for the minor child's needs, the Court finds that any back support due would accrue to Plaintiff, not to the minor child. Because both Plaintiff and her counsel have stipulated to the waiver of that right, the Court does not find it appropriate to order Defendant to pay arrears under the circumstances.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion for Modification of Child Support, and **ORDERS** that the parties to prepare and submit proposed joint custody worksheets. The Court further **DENIES** any request for arrears, and **ORDERS** that this matter is referred to the Child Support Referee for a determination of current child support obligation of the parties.

**IT IS SO ORDERED** ___OCT 1 6 2024___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**